```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO

MATTHEW RASHEEM,                   )   CASE NO. 1:00 CV 2060
                                   )
        Plaintiff,                 )   JUDGE SOLOMON OLIVER, JR.
                                   )
    v.                             )
                                   )   MEMORANDUM OF OPINION
CARMEN MARINO, et al.,             )   AND ORDER
                                   )
        Defendants.                )
```

On August 11, 2000, plaintiff pro se Matthew Rasheem filed this action under 42 U.S.C. § 1983 against Cuyahoga County Assistant Prosecutor Carmen Marino and the State of Ohio. The complaint alleges Marino lied to the jury and withheld evidence, resulting in plaintiff's conviction for murder. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982)(per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state

a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

This action lacks an arguable basis in law. As a threshold matter, States are not "persons" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Further, Marino is immune from liability for actions taken within the scope of his official duties. Imbler v. Pachtman, 424 U.S. 409 (1976). There is no suggestion in the complaint that Marino acted outside the scope of his official duties with regard to the actions of which plaintiff complains.

Finally, to the extent plaintiff is seeking to challenge the fact or duration of his physical imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). Moreover, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE